Mr. Justice MILLER,
dissenting:
I dissent from that part of the opinion of the court which relates to the defence of the statute of limitations.
If the. State courts of New York have construed their, statute concerning service of process, to mean that no such-service will authorize a judgment against a corporation of another State, which will be valid beyond the limits of the State of New York, it is a most extraordinary qnd upnecesl sary decision, for it is the province of those other States, or of the Federal judiciary, to declare the effect of such judgment, outside of the State of New York. Besides it is not asserted that any such decision has ever been made, except with reference to its effect upon the right of such corporations to plead the statute of limitations in the State courts of New York. Nor do I believe that the courts of any State of the Union except New York;, have ever held that a person doing business within the State and liable at all times *152 to be sued and served personally with process cannot avail himself of the statute of limitations, if the time prescribed by it to bar such action has elapsed before it was commenced. The liability to. suit where process can at all times be served, must in the nature of things be the test of the ruuning of the statute. A different '.rule applied to an individual because he is a citizen or resident of another State, is a viola-, tion at once of equal justice and of the rights conferred by the second section of the fourth article of the Federal Constitution, that the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States.
I cau hardly believe, therefore, that the New York statute means that if two men doing business in adjoining houses, in the city of New York, one may avail himself of the statute, of the State, for limitation of actions, when the time ■prescribed has elapsed, because he is a citizen of that State, while the other cannot because he is a citizen of New Jersey, when each has been equally and always .liable to service of process. Nor do I believe, on a review of all the cases, that the courts of New York have intended to give such a construction to those statutes.
My brother STRONG agrees with me in these views.